In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00059-CR


______________________________




DENNIS MICHAEL LEROY, JR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 241st Judicial District Court


Smith County, Texas


Trial Court No. 241-2095-06




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 It was a nightmare for each of the three people involved when Dennis Michael Leroy, Jr.,
found Billy Boehm and Cheryl Leroy, Dennis' wife, in the throes of sexual intercourse in Billy's
camper trailer. (1) After retrieving a gun, Dennis shot Cheryl, who later died after being removed from
life support. (2) A grand jury indicted Dennis for aggravated assault on a family member with a deadly
weapon. Dennis pled guilty, and the jury assessed a life sentence. Dennis complains on appeal only
that he was wrongfully denied a sudden-passion instruction during the punishment proceedings. We
affirm.

 If a defendant is convicted of murder, he or she may argue at punishment that he or she
caused the death of the victim while under the immediate influence of sudden passion arising from
an adequate cause. (3) Tex. Penal Code Ann. § 19.02. According to Dennis, he was entitled to a
sudden-passion instruction even though he was indicted for aggravated assault rather than murder. 
Dennis contends the reasoning of Mims v. State, 3 S.W.3d 923 (Tex. Crim. App. 1999), supports his
argument that "sudden passion" can be submitted in an aggravated assault case. Dennis argues the
jury could have reasonably found that Dennis was acting under the immediate influence of sudden
passion resulting from adequate cause. At trial, Dr. Thomas G. Allen, a psychologist, testified he
believed the crime was "a reactive violence along the lines of an impassioned homicide." 

 In Mims, the Texas Court of Criminal Appeals held that a defendant charged with attempted
murder was entitled to a sudden-passion instruction if it was raised by the evidence. Id. at 927-28. 
The court reasoned that the criminal-attempt statute and the murder statute combine to form the
offense of attempted murder. Id. at 924. In addition, the court noted a long history of attempt being
available for sudden-passion homicides in Texas. Id. at 926-27. 

 Mims is distinguishable from this case. In Mims, the Texas Court of Criminal Appeals
distinguished, in dicta, aggravated assault from murder. Id. The court rejected the proposition that
"aggravated assault and attempted murder must somehow be viewed as equivalent offenses" and
noted "[m]urder can be reduced in degree by proof of sudden passion, but aggravated assault cannot." 
Id. at 927. Although the court's statement is only dicta, we agree that a sudden-passion charge is
not available for aggravated assault. (4)

 The plain language of the Texas Penal Code does not provide for a reduction in punishments
for aggravated assault committed under the influence of sudden passion. The sudden-passion
punishment issue is contained in Section 19.02 of the Texas Penal Code, which concerns only
murder. See Tex. Penal Code Ann. § 19.02. Unlike the offense of attempted murder, Section
19.02 does not combine with any other statute to form the offense of aggravated assault. The
aggravated-assault statute does not contain a punishment issue on sudden passion. See Tex. Penal
Code Ann. § 22.02 (Vernon Supp. 2007). The plain language of the Texas Penal Code indicates
a defendant charged solely with aggravated assault is not entitled to a charge on sudden passion. 
Further, Dennis has failed to provide this Court with any authority that sudden passion has ever been
recognized as an issue for a defendant charged solely with aggravated assault.

 Similarly, the Texas Court of Criminal Appeals has held that a defendant is not entitled to
a sudden-passion instruction at punishment if convicted of capital murder or attempted capital
murder. See Ex parte Watkins, 73 S.W.3d 264, 276 n.6 (Tex. Crim. App. 2002); Wesbrook v. State,
29 S.W.3d 103, 112-13 (Tex. Crim. App. 2000). Noting that "it is within the Legislature's exclusive
power to define the elements of capital murder," the court held the Texas Legislature "chose not to
permit the defense of 'sudden passion' in the context of capital murder" and that such a choice did
not violate due process. Wesbrook, 29 S.W.3d at 112-13. Because the Legislature chose not to
permit a reduction in punishments for aggravated assaults committed under the influence of sudden
passion, Dennis was not entitled to an instruction on sudden passion.

 A defendant charged with only aggravated assault is not entitled to a sudden-passion
instruction. The trial court did not err in denying the requested instruction.

 We affirm the judgment of the trial court.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 28, 2008

Date Decided: February 6, 2008


Do Not Publish
1. For simplicity in referring to the persons involved, we use their first names when referring
to them individually.
2. Dennis and Cheryl had spent the evening drinking alcoholic beverages at the residence of
Michael and Christie Little. Billy, Michael's coworker, had attended the gathering. Billy leased
from the Littles a camper trailer which was adjacent to the Littles' residence. At some point, Dennis
passed out on a picnic table outside the residence. Shortly thereafter, the Littles went inside their
residence to go to sleep. Cheryl and Billy left Dennis on the picnic table and went to Billy's camper. 
While Cheryl and Billy were having sex, Dennis walked into the camper. Billy testified that Dennis
told Cheryl, "I hope it was worth it," and left.


 After leaving the camper, Dennis went to the Littles' residence and informed Michael that
he was going to go home and get his gun. Michael warned Billy and Cheryl of Dennis' threat and
suggested that they leave. Billy drove into town, while Cheryl started walking down the road. Later,
when Dennis returned to the Littles' residence, he informed Michael that he had found Cheryl
walking along the road and shot her in the neck. Both Dennis and Michael called the police. Dennis
told the dispatcher he had shot Cheryl and left her lying in the middle of the road. 


 A Smith County sheriff's deputy found Cheryl on the road. Cheryl's injuries resulted in
paralysis from the neck down. Cheryl expressed a desire not to remain on life support. After several
days, Cheryl's health declined to the point that she was "basically comatose." A guardianship was
obtained, the decision was made to remove Cheryl from life support, and Cheryl died. 
3. If the defendant establishes the sudden-passion defense by a preponderance of the evidence,
the offense level is reduced from a first-degree to a second-degree felony. Trevino v. State, 100
S.W.3d 232, 237 (Tex. Crim. App. 2003). "'Sudden Passion' means passion directly caused by and
arising out of provocation by the individual killed or another acting with the person killed which
passion arises at the time of the offense and is not solely the result of former provocation." Tex.
Penal Code Ann. § 19.02 (Vernon 2003). "Adequate cause" means "cause that would commonly
produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to
render the mind incapable of cool reflection." Tex. Penal Code Ann. § 19.02(a)(1).
4. Aggravated assault is a lesser included offense of murder. See Dowden v. State, 758 S.W.2d
264, 269 (Tex. Crim. App. 1988). But attempted murder and aggravated assault are not equivalent
offenses. Dennis was not charged with murder or attempted murder.



xception Locked="false" Priority="65" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium List 1 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00117-CV

                                                ______________________________

 

 

GEORGE
WESLEY FISHER, INDEPENDENT EXECUTOR OF THE ESTATE OF WILMER GIDDENS, DECEASED
AND INDIVIDUALLY, Appellant

 

                                                                V.

 

ESTATE OF JOHNNIE HUE
GIDDENS, BENNIE J. NELSON, AS ADMINISTRATOR AND INDIVIDUALLY, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 102nd
Judicial District Court

                                                             Bowie County, Texas

                                                      Trial Court No. 10C0638-102

 

                                                                                                  


 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            George
Wesley Fisher, independent executor of the estate of Wilmer Giddens, deceased,
and individually, filed his notice of appeal from the trial courts judgment
quieting title on November 1, 2010.  

            Fisher has
not paid a filing fee and is not indigent. 
See Tex. R. App. P. app. C(B)(1).

 

            Further, the
clerks record was filed January 4, 2011, and the reporters record was due to
be filed on or before February 22, 2011. 
Appellant is not indigent, and is thus responsible for paying or making
adequate arrangements to pay the reporters fees for preparing the record.  See
Tex. R. App. P. 37.3.  On March 30, 2011, we contacted appellant by
letter, reminding him that the record was over thirty days past due, and
warning that if a reporters record was desired, appellant must make a
substantial and tangible effort to obtain such a record within ten days of the
date of our letter.  

            We also
informed appellant that if he did not desire to file a reporters record, the
appellants brief was due based solely on the clerks record, and his brief was
due within thirty days of our letter.  We
further warned appellant that if no response was received, the appeal would be
subject to dismissal for want of prosecution. 
Tex. R. App. P. 42.3(b),
(c).

 

 

 

 

            We have
received no communication from appellant. 
Pursuant to Tex. R. App. P.
42.3(b), we dismiss this appeal for want of prosecution.

            

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          May
18, 2011

Date Decided:             May
19, 2011